NO. 24-1393

IN THE
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

---

Sharmarke Y. Abdi,

*Appellant*,

vs.

Hennepin County,

*Appellee*.

---

Appeal from the United States District Court for the District Court of Minnesota, No. 0:23-cv-01275 (WMW/LIB), The Honorable Wilhelmina M. Wright

---

**REPLY BRIEF OF APPELLANT, SHARMARKE Y. ABDI**

> Sharmarke Y. Abdi
> P.O. Box 1136
> Maple Grove, MN 55311
> Telephone: (615) 573-2486
> Buurgaab101@gmail.com
>
> *Pro se Plaintiff-Appellant*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................... 3

INTRODUCTION… ............................................................................... 4

ARGUMENT ........................................................................................... 7

CONCLUSION ...................................................................................... 13

CERTIFICATE OF COMPLIANCE ..................................................... 14

CERTIFICATE OF SERVICE ............................................................... 15

# TABLE OF AUTHORITIES

**Cases**

*Carney v. Houston,* 33 F.3d 893, 894 (8th Cir. 1994) ………..……………. 7

*Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)) ……………………………….. 7

*Dalton v. Subaru-Isuzu Automotive, Inc.,* 141 F.3d 667, 677, 7 AD Cas. (BNA) 1872, 1880 (7th Cir. 1998)…………………………………………………….. 9

*Duello v Buchann Cnty Bd of Supervisors* 628 F.3d 968, 973 (8th Cir.2010)...11

*Dover Elevator Co. v. Ark. St. Univ.,* 64 F.3d 442, 445 (8th Cir. 1995)……….7

*Exby-Stolley v. Board of County Commissioners*, 979 F.3d 784 (10th Cir. 2020)……………………………………………………………………………..12

*Gopher Oil Co. v. Bunker,* 84 F.3d 1047, 1050 (8th Cir. 1996)……………….7

*Harry v. Marchant*, 237 F.3d 1315, 1317 (11th Cir. 2001)……………………8

*Muldrow v. City of St. Louis,* 144 S. Ct. 967, 974 (2024)………………….12,13

*Richards v. Aramark Servs., Inc.,* 108 F.3d 925, 927 (8th Cir. 1997)………8,13

Solomon v. Vilsack, 763 F.3d 1, 15 n.6 (D.C. Cir. 2014)…………………….10

**Statutes**

29 CFR § 1630.2(m…………………………………………………………9,11

229 CFR § 1630.2(n)(2)..,……………………………..…………………….9

CFR § 1630.2(n)(2)(ii)………………………………………………...…11

42 U.S.C. 12112………………………………………………………………..8

42 U.S.C. 12112(a)……………………………………………………..8,10,12

42 U.S.C. 12111(8)(B)………………………………………………………11

**Rules**

FED. R. CIV. P. 12(b)(6)……………………………………………………..7

FED. R. CIV. P. 32(A)……………………………………………………..14

# I. INTRODUCTION

**Abdi's employment with the County**

The Appellee-Defendant, Hennepin County ("the County") intentionally and negligently misrepresented the Appellant-Plaintiff, Sharmarke Y. Abdi's ("Abdi") period of employment with the County. In fact, Abdi applied forty-one job applications and approximately thirty lateral transfer job applications via the County's Human Resources office internally, externally, and laterally from January 27, 2014, to April 17, 2024. Most of these job applications result in interviews and vetting processes. Despite Abdi's experience, education, and skills, at end the county rejected Abdi's sixty-six (94%) job applications. These were not isolated incidents; they were widespread experiences shared by many individuals with disabilities.

**Abdi's request for a stand-up desk/Adjustable Desk**

First, the County's Brief at 3, alleged, "this accommodation would help him work more efficiently…", This statement was not true, out of context, and the County intentionally misrepresented it. See R. 1-1, 4(¶13) "Wanting to keep his job and perform his work efficiently….." The County left out the part of stating, "wanting to keep his job" because it wanted to deceive this court. Second, the County's Brief at 3, alleged, "but he does not allege that the accommodation was medically necessary." First, the County does not dispute, R. 1-1, 2(¶1(B)), that Abdi is a physically disabled cisgender male who uses a

Page 4

wheelchair. The County ADA officer previously accommodated him via ergonomics assessment tailoring his disability needs. For example, able-bodied employees have the luxury of using adjustable ergonomic computer desks at a comfortable level to match their stationary desks. In contrast, Abdi works from a wheelchair, 'stationary' and has disadvantages adjusting to the computer desks.

In November 2020, Abdi requested reasonable accommodation. See R. 1-1, 4((¶11). In contrast, the County attempted to connect denials, delays, discrimination against Abdi to "during the COVID-19 pandemic." It was eight months into the pandemic and almost a year when the County denied the accommodation, See R. 1-1, 4((¶12). The County's failure to accommodate Abdi was not the delays caused by the Covid-19 pandemic..

**Charge filed with the EEOC**

The County alleged in its Brief at 4, "Abdi did not amend his original charge." Abdi's charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") did not need an amendment. R. 13, at 3, the checked box of "Continuing Action" covered the periods and continuing since the allegations were reasonably related to the initial change. In addition, in June and July Abdi also spoke with an EEOC investigator, and she shared that Mr. Abdi's charge wouldn't need to be amended. Abdi obtained the EEOC investigation records via Freedom of Information Act ("FOIA"), See R. 37, A:

Page 5

> 6/13/2022 11:19:49 CST: Spoke to CP. He states he changed departments within the same R and is being discriminated against again. The R will not grant a RA for his use of a wheelchair. Wants to know if he can or should fie another inquiry.
>
> 7/21/2022 10:03:48 CST: SP to CP. He says he continues to experience retaliation. Explained that his original complaint already has retaliation. Also that it is continues. He asked to speak to Laura. Transfer to her.

Furthermore, on December 2022, Abdi submitted a paragraph of amendment to the EEOC, *See* R. 37, B. Also, Abdi stated the facts on the record, *See* R. 13 at 4. After all, Abdi's charge did not need amendment.

### Abdi was discriminated solely on being in wheelchair user

The County's Brief at 5 stated, 'Abdi was not physically able to do job duties and was accommodated with a lateral transfer.' The County misrepresented the facts and misguided this honorable court. In April 2022, Abdi was discriminatory profiled because he uses a wheelchair by the County. Then he objected to the unlawful acts and shared with the County the job description, experience & education, and position requirements. R. Doc. 1-1, 6(¶32-35). In May 2022, the County informed Abdi that he was no longer qualified for the position as 'annual assessor' because he uses a 'wheelchair.' On July 21, 2022, Abdi opposed illegal and involuntary transfer and requested 'reasonable accommodation' from the County. On July 22, 2022, Abdi was retaliated and subjected to disciplinary investigation because he exercised a protected right under the ADA. On July 28, the County denied Abdi's reasonable accommodation and subjected him to involuntary removal. Abdi

appealed to the County's assistant commission and his appeal was denied on August 12, 2022. R. Doc. 1-1, 7(¶36-42). In addition, on October 5, 2022, the County denied Abdi's third reasonable accommodation supported by medical documentation. The County had vacant positions passing Abdi and favoring able-bodied employees. See R. 1-1, 8(¶ 47-52)

**ARGUMENT**

**I. Motion to Dismiss Standard of Review. (*de novo*)**

The Court reviews the standards of review for common pre-trial orders involving motions to dismiss. For example, an order of the trial court that grants a motion to dismiss for failure to state a claim upon which relief can be granted under Fed R. Civ Rule 12(b)(6) will be reviewed *de novo* on appeal. *Dover Elevator Co. v. Ark. St. Univ.,* 64 F.3d 442, 445 (8th Cir. 1995). The Eighth Circuit will "construe the allegations in the complaint in the light most favorable" to the plaintiff and will affirm the dismissal only if "it appears beyond doubt that [the plaintiff] can prove no set of facts in support of his claim which would entitle him to relief. *Carney v. Houston,* 33 F.3d 893, 894 (8th Cir. 1994) *(per curiam)* (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)). Likewise, the Court will review de novo an order of the trial court dismissing a complaint for lack of subject matter jurisdiction. *Gopher Oil Co. v. Bunker,* 84 F.3d 1047, 1050 (8th Cir. 1996). On pretrial matters, Motion to dismiss complaint for failure to state a claim. Review is de novo. The court

accepts all allegations of the complaint as true and construes the facts in the light most favorable to the plaintiff. *Harry v. Marchant,* 237 F.3d 1315, 1317 (11th Cir. 2001).

**Abuse of Discretion**

In general, an abuse of discretion occurs when (1) a relevant factor that should have been given significant weight is not considered, (2) an irrelevant or improper factor is considered and given significant weight, or (3) all proper factors, and no improper ones, are considered, but the trial court commits clear error of judgment in weighing those factors. *Richards v. Aramark Servs., Inc.,* 108 F.3d 925, 927 (8th Cir. 1997).

## II. The County Denied Abdi's Reasonable Accommodation 'Standup Desk/Adjustable Desk' and Retaliated Against Him

Title I's prohibitions on employment-based disability discrimination are set out at 42 U.S.C. 12112. Section 12112(a) provides a "[g]eneral rule" that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability under 42 U.S.C. 12112(a). R. Doc. 1-1, at 4. November 2020, Abdi requested as a reasonable accommodation a stand☐up desk, which he alleges is necessary for him to "conduct his job duties" and to "keep his job and perform his work efficiently." R.Doc.1-1, at 4. Section 12112(b) makes clear that prohibited discrimination includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise

Page 8

qualified individual with a disability who is an applicant or employee. "An employer should respond expeditiously to a request for reasonable accommodation. If the employer and the individual with a disability need to engage in an interactive process, this too should proceed as quickly as possible. *See Dalton v. Subaru-Isuzu Automotive, Inc.,* 141 F.3d 667, 677, 7 AD Cas. (BNA) 1872, 1880 (7th Cir. 1998). The County denied the requested accommodation two months later, deeming it a "convenience." R.Doc.1-1, at 4. The County's Brief at 4(¶4) alleged "being 'confined in [a] wheelchair" – made it necessary to have a *standup* desk." The County cannot ask for documentation when: (1) both the disability and the need for reasonable accommodation are obvious, or (2) Abdi has already provided the employer with sufficient information to substantiate that he has an ADA disability and needs the reasonable accommodation requested. The County's ADA office had conducted Abdi's ergonomics assessments tailored to his disability needs and had disability documentation from a 'qualified employee with disability' under 29 CFR § 1630.2(m). Moreover, Abdi sought assistance from the County's ADA Coordinator and asked to appeal the County's denial of his requested accommodation and provide necessary documentation. R.Doc.1-1, at 4. The ADA Coordinator declined it, labeled Abdi's request as one of "convenience" and a "choice." R.Doc.1-1, at 4. In March 2021, Abdi contacted the ADA Coordinator's direct supervisor, objecting to the language that the coordinator

Page 9

had used to describe his request, which he felt attributed "fault" to him. R.Doc.1-1, at 4. The ADA Coordinator's supervisor filed a complaint against Abdi with the County's Human Services office. R.Doc.1-1, at 4. "A request for reasonable accommodation of a disability constitutes protected activity under the ADA, and therefore retaliation for such requests is unlawful. *See Solomon v. Vilsack,* 763 F.3d 1, 15 n.6 (D.C. Cir. 2014) (citing rulings from every federal judicial circuit holding that requests for reasonable accommodation are protected activity); 9 Lex K. Larson, Employment Discrimination § 154.10, at p. 154-105 & n. 25 (2d ed. 2014) ("In addition to the activities specifically protected by the statute, courts have found that requesting reasonable accommodation is a protected activity.").

Abdi contacted senior administrator to discuss the department's discrimination against him, and he was told '*move on.*' In October 2021, Abdi left the department and subjected an approximately a $4000 reduction in annual pay. Although the new position was characterized as a "promotion," it allegedly came with a $4000 reduction in annual pay. R.Doc.1-1, at 6. Even assuming this new position was relevant to Abdi's failure-to-accommodate claim, Title I expressly prohibits discrimination in "compensation" on the basis of disability. 42 U.S.C. 12112(a).

## III. The County Denied Abdi's Reasonable Accommodation Job Restructuring "Annual Assessor" and Retaliated Against Him

Page 10

The County failed to provide reasonable accommodation to Abdi, a qualified employee with physical disability, under 29 CFR § 1630.2(m) and requested R. Doc. 1-1, at 7 'an essential duty- allocating twelve clients' case in homes with free barriers from wheelchair users in the first twelve months' on July 21, 2021.

Under Title, I, a "qualified individual" is "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. 12111(8)(B). The statute defines "reasonable accommodation" to include job restructuring. Under section 29 CFR § 1630.2(n)(2)(ii), "The function may be essential because of the limited number of employees available among whom the performance of that job function can be distributed; and/or." *See* at *Duello v Buchann Cnty Bd of Supervisors* 628 F.3d 968, 973 (8th Cir.2010). Allocation was a perfect opportunity to enable a covered entity's employee with a disability to enjoy equal benefits and privileges of employment as are enjoyed by its other similarly situated employees without disabilities. R. Doc. 13, at 15. The County annual assessor team had 120 able-bodied employee and one a wheelchair user, Abdi. R. 1-1, at 7. The County receives 1500 client cases out of 120 staff every month. The clients' demographics waiver recipients are people with disabilities. The County was financially fit to allocate twelve cases out of fifteen hundred clients' cases. R. Doc. 1-1. At 7.

On July 22, 2024, the County retaliated against Abdi, denied reasonable accommodation, and involuntarily transferred him

## IV. The County Denied Abdi's Reasonable Accommodation Work Hours Adjusted During Snow Months For Outdoor Parking

The County's Brief at 7; admittedly, conceded that the County denied Abdi's third reasonable accommodation; *See* R. Doc. 1-1, at 8, Abdi requested his work hours adjusted to a day time during snowy months and provided a doctor's note. See *Exby-Stolley v. Board of County Commissioners,* 979 F.3d 784 (10th Cir. 2020) (en banc), a failure-to☐accommodate claim does not require proof of an "adverse employment action" - 14 - beyond the denial of a reasonable accommodation that relates to the terms, conditions, or privileges of employment. Id. at 792; see also id. at 811 (explaining that an employer's failure to make reasonable accommodations "necessarily— indeed, as a matter of logic and common sense—must involve (i.e., be 'in regard to') that qualified person's 'terms, conditions, and privileges of employment'" (quoting 42 U.S.C. 12112(a)). reasonable accommodation, and involuntary transferred him

## V. Supreme Court's decision in Muldrow requires a remand of Abdi's Title VII race discrimination claim.

In dismissing Abdi's Title VII race discrimination claim, the district court applied a standard that the Supreme Court recently rejected in *Muldrow*

Page 12

*v. City of St. Louis,* 144 S. Ct. 967, 974 (2024). See R.Doc.35, at applicable precedent, the Supreme Court's decision in Muldrow requires a remand of Abdi's Title VII claim.

## VI. Abdi's EEOC Charge

The District Court disregarded Abdi's reasonable related allegations that happened during his charge of discrimination, the district court therefore should have analyzed whether those allegations were "like or reasonably related to" the administrative charges that he timely filed. *See Richards v. Aramark Servs., Inc.,* 108 F.3d 925, 927 (8th Cir. 1997). The District failure was an error that warrants reversal, given that the court's application of an improper standard to plaintiff's ADA and Title VII claims is dispositive of this appeal.

CONCLUSION For the foregoing reasons, this Court should vacate the district court's dismissal of Abdi's ADA Title I failure-to-accommodate claim, ADA retaliation claim, and Title VII race discrimination claim and remand those claims for reevaluation under the proper standards.

DATED this 31st day of July 2024.

By:＿＿/s/ Sharmarke Y. Abdi＿＿＿＿
Sharmarke Y. Abdi

Pro se Plaintiff-Appellant

No: 24-1393

## CERTIFICATE OF COMPLIANCE

      I certify that this reply brief is not subject to the type-volume limitations of Federal Rules of Appellate Procedure 32(a)(7)(B) because this reply brief complies with Federal Rules of Appellate Procedure 32(a)(1)-(7) and is a reply brief of no more than 15 pages.

Dated:   July 31, 2024                                   /s/ Sharmarke Y. Abdi
                                                                              Sharmarke Y. Abdi

                                                                              *Pro se,* Plaintiff-Appellant

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all registered CM/ECF Filers.

          By:   /S/    Sharmarke Y. Abdi
                 Sharmarke Y. Abdi
                 P.O. Box 1136
                 Maple Grove, MN 55311
                 Phone: (615) 573-2486
                 Email: buurgaab101@gmail.com